IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY SEINFELD AND MARSHA SEINFELD | § | |
| | § | CASE NO. |
| v. | § | |
| | § | 3:19-cv-00849-S |
| ALLIED VAN LINES, INC. | § | |

**BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO
DEFENDANT ALLIED VAN LINES, INC.'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs **Barry Seinfeld and Marcia Seinfeld** to ask the Court to DENY

Defendant **Allied Van Lines, Inc.**'s Motion for Summary Judgment, and in support offers the

following:

**BACKGROUND**

1. Plaintiff's, a couple in their 80's, hired Defendant to move their household belonging to

Florida, from Texas.  During the move over $300,000.00 of household belonging were damaged

or destroyed.

2. Plaintiff's made an immediate claim for benefits.

**DEFENDANT'S ASSERTION**

3. Defendant's only assertion in it's motion for summary judgment is that Plaintiff's did not

timely and properly assert their claim for damage to the household belongings of Plaintiffs.

**COUNTER ARGUMENT**

4. No where in Defendant's Motion For Summary Judgment does Defendant show there is a

nine month limitation for filing a proof of loss in the form Defendant alleges it is suppose to be

filed.  Defendant only cites a statute that says that the time limit for filing a proof of loss, as set out in the bill of lading or contract of carriage or transportation cannot be shorter than nine months.  49 U.S.C., § 14706.

5.    Plaintiffs' have amended their interrogatory responses to #5.  (Attached and incorporated herein for all purposes as if verbatim is **Exhibit 1**-two affidavits.)

**EVIDENCE**

6.    The nine months is really not an issue because Plaintiff's did mail in their proof of loss immediately, on May 26, 2017, just a few days after the loss and again on July 13, 2017 and August 10, 2017.  (Attached and incorporated herein for all purposes as if verbatim is **Exhibit 2** (Receipt/List).)  Furthermore, Defendant acknowledged the receipt of the claim and sought to come out and view the losses in person.  Plaintiff retained proof of the mailing but through oversight, did not retain actual copies of what was mailed.  Plaintiffs assert that what they mailed was in compliance with the requirements of Defendant, i.e., that there is a list of the damaged and destroyed items along with the cost to repair or replace each item.  (See **Exhibit 2**)

**SUMMARY JUDGMENT STANDARD**

7.    A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

**PLAINTIFF'S ARGUMENT**

8.    As of this moment in this case there is no evidence before the Court regarding timelines for filing a proof of loss.

9.    Assuming there is a time limit for filing the proof of loss, Plaintiff's have provided some evidence of the proof of loss being filed timely and properly. (See **Exhibit 2**.)

<u>**CONCLUSION**</u>

10.     For the reasons discussed in this Response, Defendant **Allied Van Lines, Inc.**'s Motion

should be DENIED and prays the Court do so.

        Signed October 28, 2019.

                                        Respectfully submitted,


                                        /s/      Mark S. Humphreys
                                        BY:    Mark S. Humphreys   - SBN #00789762

                                        MARK S. HUMPHREYS, P.C.
                                        702 Dalworth Street, Grand Prairie, TX 75050
                                        Tel.  (972) 263-3722  Fax.  (972) 237-1690
                                        Email: texaslaw94@yahoo.com
                                        **Attorney for Plaintiffs**


**Certificate of Service:**        By my signature above, this is to certify that on **October 28, 2019,** this document has been electronically filed with the Clerk of the Court as well as NOTICE of same to all known counsel.