# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY SEINFELD and MARSHA SEINFELD | § § § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0849-S |
| ALLIED VAN LINES, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Allied Van Lines, Inc.'s Motion for Summary Judgment [ECF No. 23]. For the following reasons, the Court denies the Motion.

## I. BACKGROUND

In 2017, Plaintiffs Barry and Marsha Seinfeld ("Plaintiffs") contracted with Defendant Allied Van Lines, Inc. ("Defendant") to ship their personal property from Dallas, Texas, to Sarasota, Florida. *See* First Am. Compl. ¶¶ 7-11. Plaintiffs claim that some of their property was lost or damaged in transit. *See id.* ¶¶ 24, 27, 29-30.

Plaintiffs notified Defendant of this loss on a Statement of Claim, which Defendant received on May 31, 2017. *See* Def.'s App. 4-5. Plaintiffs' Statement of Claim lists several damaged items, but it does not itemize their losses or specify the amount lost. Rather, it merely states, "[a]ll . . . Furniture Entire House damaged[,] Missing [and] destroyed." *Id.* at 5.

Plaintiffs also attest that they submitted to Defendant their "proof of loss" on May 31, July 13, and August 10, 2017. *See* Br. in Supp. of Pls.' Resp. to Def.'s Mot. for Summ. J. ("Resp.") Exs. 1, 2. These subsequent mailings included a "[l]ist" that identified 53 items purportedly broken or lost during the move. *See id.* Resp. Ex. 2. For 36 of those items, Plaintiffs listed the original cost, totaling approximately $449,500. The list does not identify the original price of the

remaining 17 items, and it does not identify the cost of repairing or replacing any of the 53 purportedly broken or damaged items. *See id.*

After Defendant allegedly "refused to pay for damages and losses they caused," Plaintiffs filed this action for breach of contract in Texas state district court in Dallas County. *See* Notice of Removal 1; First Am. Compl. ¶¶ 34-40. Defendant removed the case to this Court, *see* Notice of Removal, and filed the present Motion, which is now ripe and before the Court.

## II. LEGAL STANDARDS

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## III. LAW AND ANALYSIS

### A. *The Carmack Amendment*

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, and its implementing regulations promulgated by the Department of Transportation, 49 C.F.R. §§1005.1-.7,[1] collectively control the processing of claims of lost or damaged property transported by motor carriers. *See Salzstein v. Bekins Van Lines, Inc.*, 993 F.2d 1187, 1189 (5th Cir. 1993). To state a prima facie claim under the Carmack Amendment, a claimant must file "allegations or

---

[1] Although the First Amended Complaint only raises state law claims, *see* First Am. Compl. 3-4 ¶¶ 34-40, the Court resolves this Motion according to the Carmack Amendment and its attendant regulations, because the Carmack Amendment "'so forcibly and completely displace[s] state law that [Plaintiffs'] cause of action is either wholly federal or nothing at all.'" *See Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003) (second alteration added) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

proof of (a) delivery in good condition, (b) arrival in damaged condition, and (c) the amount of damages."[2] *Berlanga v. Terrier Transp., Inc.*, 269 F. Supp. 2d 821, 831-32 (N.D. Tex. 2003) (citing *Accura Sys., Inc. v. Watkins Motor Lines*, 98 F.3d 874, 877 (5th Cir. 1996)). At a minimum, such a filing must: "(1) [c]ontain[] facts sufficient to identify the baggage or shipment (or shipments) of the property; (2) assert[] liability for alleged loss, damage, injury, or delay, and (3) mak[e] a claim for payment of a specified or determinable amount of money . . . ." 49 C.F.R. §1005.2(b). Only the third element is at issue.

The third prong of 49 C.F.R. §1005.2(b) is a "disjunctive test" that allows claims to proceed under two different methods. *Williams v. N. Am. Van Lines of Tex., Inc.*, 731 F.3d 367, 370 (5th Cir. 2013). "The purpose of this disjunctive test is to permit claims to proceed when, even if a specified total amount is not listed, the amount requested can be determined by calculating the values of the individual items." *Id.* (citing *Salzstein*, 993 F.2d at 1190). Claimants may either assert a specific total or list individualized damages which can be aggregated. *See id.* at 369-70; *Salzstein*, 993 F.2d at 1190 (finding that a "determinable" claim "'means an amount determinable, as a matter of mathematics, from a perusal of the documents submitted in support of the notice of a claim.'" (quoting *Bobst Div. of Bobst Camplain, Inc. v. IML-Freight, Inc.*, 566 F. Supp. 665, 669 (S.D.N.Y. 1983))). In *Williams*, the Fifth Circuit also clarified that an "estimate of the value" of damaged items could satisfy 49 C.F.R. §1005.2(b), while an "estimate of the damage [claimant] was seeking" could not. *Id.* at 369.

---

[2] Notably, carriers "may contractually limit the time for filing claims." *Salzstein*, 993 F.2d at 1189 (citing 49 U.S.C. §11707(e)). Here, the parties contracted for a nine-month deadline for filing claims. *See* Def.'s App. 4-5, ¶ 11 ("As a condition precedent to recovery, a claim for any loss, damage, injury, or delay, must be filed electronically . . . within (9) months after delivery[.]"). Accordingly, only claims filed within nine months of delivery can satisfy the filing requirements. *See Landess v. N. Am. Van Lines, Inc.*, 977 F. Supp. 1274, 1278-80 (E.D. Tex. 1997). As such, Plaintiffs' Complaint, filed well outside of the nine-month limitations period, does not satisfy Plaintiffs' obligation to file a claim for specified or determinable amount of money

3

The "Carmack Amendment incorporates common law principles for the calculation of damages," such that the measure of damages will be determined by the "method [that] more accurately reflect[s] the loss actually suffered by the plaintiff." *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 552 (5th Cir. 2005) (citations omitted). While replacement cost may be the default measure of damages, *see Maass Flanges Corp. v. Totran Transp. Serv. Inc.*, Civ. A. No. H-13-1090, 2014 WL 29006, at *4 (S.D. Tex. Jan. 2, 2014) (collecting authorities), the Court has found no authorities claiming that it is the exclusive measure under the Carmack Amendment.

### B. *Existence of a Specified or Determinable Claim*

The Defendant's Motion focuses only on the third prong of §1005.2(b). Here, three documents have been offered as evidence of whether Plaintiffs provided the requisite notice: (1) the "List" of damages (referred to by Plaintiffs as their "proof of loss"); (2) the "Statement of Claim" dated May 31, 2017; and (3) an estimate from Cypress Design Group of "some items to be replaced." *See* Resp. Ex. 2; Def.'s App. 4-7. Viewing this evidence and drawing all reasonable inferences in the light most favorable to Plaintiffs, the Court finds that the List alone demonstrates the existence of a specified or determinable claim.

The List specifically identified the value of the property allegedly lost that, when aggregated, provided Defendant with a claim of $449,500. *See* Resp. Ex. 2. Moreover, the amount claimed in the List closely parallels the $441,850 requested in the First Amended Complaint. *See* First Am. Compl. ¶ 45. *See Williams* 731 F.3d at 370 (noting that a district court correctly concluded that §1005.2(b) "'does not require [claimants] to state a specific amount for any items when a claim is first reported,' but only 'require[s] her to provide a "specific or determinable amount" in writing for her claim at some point before the nine-month period had passed.'" (citation omitted in original)). By sending the List, Plaintiffs were not "hiding the ball," but were properly advising Defendant of their claim, which helps achieve the goal of the Carmack Amendment—the

4

incentivization of settlements. *See Salzstein*, 993 F.2d at 1190-91 (identifying the "regulatory purpose" of the Carmack Amendment as "encouraging voluntary settlement"). Although Defendant disputes the authenticity or admissibility of the List as evidence,[3] the Court finds that, in the light most favorable to Plaintiffs, the list creates a genuine dispute of material facts that requires the denial of summary judgment.

The Defendant's arguments that it is entitled to summary judgment because of Plaintiffs' failure to list a claim in the "Amount Claimed" section of the Statement of Claim, or that the List is insufficient under §1005.2(b) because it is a mere estimate, are unavailing. While case law before *Williams* provided some support for Defendant's argument, *see Landess*, 977 F. Supp. at 1281 (explaining a purported Fifth Circuit rule that "an estimate is not specific enough"), Defendant's argument cannot be maintained post-*Williams*. In *Williams*, the Fifth Circuit held that an "estimate of *the value*" of damaged items was sufficiently specific, while an "estimate of the *damage* [claimant] *was seeking*" is insufficiently vague. *Id.* at 369 (emphasis added). Even if the List's figures qualify as "estimates" within the meaning of *Williams*, the itemized figures would be estimates of *value*, rather than estimates of what Plaintiffs were seeking. Nothing contained within the List or the supporting documents suggests that Plaintiffs were claiming $449,500 *more or less*. *See id.* (holding that a claim was an estimate of value because it did not make a claim "of damage 'more or less'").

Finally, the Court finds that the List advised Defendant of a specific or determinable claim even though it only listed the original purchase cost of the allegedly damages items. The Carmack

---

[3] Defendant challenges the admissibility of this evidence, arguing that the List has not been properly authenticated and that the supporting affidavit contains inadmissible hearsay. *See* Reply 3-4 (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004)). The Court, however, finds that the List is competent summary judgment evidence because nothing suggests that it "is not capable of being admitted at . . . trial." *Maurer v. Independence Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citing *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016)). Indeed, the Court finds that the List likely will be admitted. The Court does not resolve Defendant's hearsay objection, however, because it does not affect the disposition of the present Motion.

Amendment incorporates common law principles on the measure of damages and dictates that the measure of damages will be determined by the "method [that] more accurately reflect[s] the loss actually suffered by the plaintiff." *Rex Trucking, Inc.*, 414 F.3d at 552 (citations omitted). The Court has found no authorities suggesting that replacement cost is the exclusive measure of damages. While the use of original costs may suggest that the List's figures are estimates, that conclusion has little impact post-*Williams*. Accordingly, viewing all evidence and drawing all reasonable inferences in the light most favorable to Plaintiffs, the Court finds that Defendant is not entitled to summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion for Summary Judgment.

**SO ORDERED.**

SIGNED March 27, 2020.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**